IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTONIA S. LOPEZ,    )
            )
  Plaintiff,     )
            )
v.           )  CIVIL ACTION FILE
            )  NO. 1:10-cv-00252-CAP-ECS
CITY OF AVONDALE ESTATES, )
AVONDALE POLICE    )
DEPARTMENT,   JASON   )
BROWEN, THOMAS GILLIS,  )
PAUL CONROY,     )
            )
  Defendants.    )
            )

## <u>ANSWER OF DEFENDANTS JASON BROWEN,<br>THOMAS GILLIS AND PAUL CONROY</u>

Come now Jason Browen ("Browen"), Thomas Gillis ("Gillis") and Paul

Conroy ("Conroy"), named as defendants in the above-referenced action, and

answer plaintiff's complaint as follows:

FIRST DEFENSE

For a first defense, these defendants show that the complaint fails to state a

claim against them upon which relief can be granted.

## SECOND DEFENSE

For a second defense, these defendants plead the defense of qualified immunity with respect to all federal claims asserted against them and official function, discretionary immunity with regard to all state law claims asserted against them.

## THIRD DEFENSE

For a third defense, these defendants show that plaintiff failed to provide timely ante litem notice of her state law claims.

## FOURTH DEFENSE

For a fourth defense, these defendants show that they, in their official capacity, are entirely immune from claims for punitive damages under both state and federal law and that none of their actions towards plaintiff are sufficient to support an award of punitive damages against them in their individual capacities in any event.

## FIFTH DEFENSE

For a fifth defense, these defendants show that there was both arguable and actual probable cause for the issuance of an arrest warrant for plaintiff under the circumstances presented.

## SIXTH DEFENSE

For a sixth defense, these defendants show that there was both actual and arguable probable cause for plaintiff's arrest, incarceration and prosecution.

## SEVENTH DEFENSE

For a seventh defense, these defendants plead the defense of sovereign immunity.

## EIGHTH DEFENSE

For an eighth defense, these defendants show that plaintiff's damages and injuries, if any, were proximately caused by the actions of other persons or entities for whom these defendants are not legally responsible.

## NINTH DEFENSE

For a ninth defense, these defendants show that plaintiff lacks standing to recover for the removal of her grandchildren from her home.

## TENTH DEFENSE

For a tenth defense, these defendants show that plaintiff's damages and injuries, if any, were proximately caused by her own misconduct.

## ELEVENTH DEFENSE

For an eleventh defense, these defendants show that plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

TWELFTH DEFENSE

For a twelfth defense, these defendants respond to the numbered paragraphs of plaintiff's complaint as follows:

COMPLAINT

I.

In response to the allegations of paragraph I, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia. To the extent that a response is required, the allegations are denied as pled.

JURISDICTION AND VENUE

1.

In response to the allegations of paragraph 1, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia. To the extent that a response is required, the allegations are denied as pled.

2.

In response to the allegations of paragraph 2, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia. To the extent that a response is required, the allegations are denied as pled.

3.

In response to the allegations of paragraph 3, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia. To the extent that a response is required, the allegations are denied as pled.

II

PARTIES

4.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and, therefore, these defendants can neither admit nor deny the same.

5.

These defendants specifically deny that they reside in Avondale Estates, Georgia and further deny that they work for and/or may receive financial assistance from City Hall and Administration. These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5, and therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 5 are denied.

6.

The allegations of paragraph 6 are denied as pled.

7.

These defendants admit that defendant Gillis has been employed as a police officer with the City of Avondale Estates, Georgia. Except as expressly admitted herein, the allegations of paragraph 7 are denied.

8.

These defendants admit that defendant Conroy has been employed as a police officer with the City of Avondale Estates, Georgia. Except as expressly admitted herein, the allegations of paragraph 8 are denied.

6

III

BRIEF STATEMENT OF PREVIOUS ACTION

a)

In response to the allegations of paragraph "a)", these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia.  To the extent that a response is required, the allegations are denied as pled.

b)

In response to the allegations of paragraph "b)", these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia.  To the extent that a response is required, the allegations are denied as pled.

c)

In response to the allegations of paragraph "c)", these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of

the laws of the United States and the laws of the State of Georgia.  To the extent that a response is required, the allegations are denied as pled.

d)

In response to the allegations of paragraph "d)", these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia.  To the extent that a response is required, the allegations are denied as pled.

IV

STATEMENT OF THE FACTS

9.

These defendants show that on November 2, 2007, defendant Conroy and defendant Browen were dispatched to 1122 Branbury Cross with a report of a domestic disturbance where the phone line with 911 had been disconnected.  Prior to arriving at 1122 Branbury Cross, defendants observed a white male and 2 children sitting on the curb of Hess Drive.  The white male was known to defendant Conroy as Sean Rosenblatt.  Defendant Conroy stopped and spoke with Mr. Rosenblatt.  Mr. Rosenblatt stated that his mother-in-law, plaintiff Antonia Lopez, had thrown him and the children out of the house.  Mr. Rosenblatt smelled

8

strongly of alcohol.  Defendant Conroy placed Mr. Rosenblatt into the back of his patrol car.  The two children were placed into defendant Browen's police car.  The defendants drove Mr. Rosenblatt and the two children to the 1122 Branbury Cross address.  No one was home.  Defendant Conroy obtained the cell phone number for plaintiff Lopez and called her.  She did not answer; defendant Conroy left a message asking her to return the call.

Defendant Conroy interviewed Mr. Rosenblatt who stated that he and plaintiff had argued over the earlier arrest of plaintiff's daughter.  Mr. Rosenblatt admitted that he had been drinking and stated further that he and plaintiff pushed and shoved each other.  Mr. Rosenblatt indicated that plaintiff had sustained a superficial injury to her left upper lip as a result of said incident; Rosenblatt's face was reddened and he indicated that Lopez had slapped him during the prioer altercation.

During the interview with Mr. Rosenblatt, plaintiff arrived home with her elderly mother.  Defendant Conroy interviewed plaintiff who indicated she had hurt her lip when Mr. Rosenblatt had pushed her.  Plaintiff also admitted that she had slapped Mr. Rosenblatt on the face during their argument.

Except as expressly admitted herein, the allegations of paragraph 9 are denied.

10.

These defendants show that on November 2, 2007, defendant Conroy and defendant Browen were dispatched to plaintiff's home at 1122 Branbury Cross with a report of a domestic disturbance where the phone line with 911 had been disconnected.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 10, and therefore, these defendants can neither admit nor deny the same.  These defendants incorporate their response herein to paragraph 9 above.  Except as expressly admitted herein, the allegations of paragraph 10 are denied.

11.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of paragraph 11 are denied.

12.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12, and therefore,

these defendants can neither admit nor deny the same.  Except as expressly

admitted herein, the allegations of paragraph 12 are denied.

13.

These defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of paragraph 13, and therefore,

these defendants can neither admit nor deny the same.  These defendants

incorporate their response herein to paragraph 9 above.  Except as expressly

admitted herein, the allegations of paragraph 13 are denied.

14.

These defendants state that on November 2, 2007 defendant Conroy and

defendant Browen were dispatched to 1122 Branbury Cross with a report of a

domestic disturbance.  Defendant Conroy interviewed plaintiff who indicated she

had hurt her lip when Mr. Rosenblatt had pushed her.  Defendant Gillis was not

present at 1122 Branbury Cross on November 2, 2007 and did not observe plaintiff

at that time.  These defendants incorporate their response herein to paragraph 9

above.  Except as expressly admitted herein, the allegations of paragraph 14 are

denied.

11

15.

These defendants show that on November 2, 2007, defendant Conroy and defendant Browen were dispatched to 1122 Branbury Cross with a report of a domestic disturbance where the phone line with 911 had been disconnected. Prior to arriving at 1122 Branbury Cross, defendants observed a white male and 2 children sitting on the curb of Hess Drive. The white male was known to defendant Conroy as Sean Rosenblatt. Defendant Conroy stopped and spoke with Mr. Rosenblatt. Mr. Rosenblatt stated that his mother-in-law, plaintiff Antonia Lopez, had thrown him and the children out of the house. Mr. Rosenblatt smelled strongly of alcohol. Defendant Conroy placed Mr. Rosenblatt into the back of his patrol car. The two children were placed into defendant Browen's police car. The defendants drove Mr. Rosenblatt and the two children to the 1122 Branbury Cross address. These defendants incorporate their response herein to paragraph 9 above. Except as expressly admitted herein, the allegations of paragraph 15 are denied.

16.

The allegations of paragraph 16 are denied.

17.

These defendants state that on November 2, 2007, while investigating the domestic disturbance call at 1122 Branbury Cross, Defendant Conroy asked

plaintiff if she required medical attention.  Plaintiff responded positively and EMS was called to the scene to evaluate plaintiff.  Except as expressly admitted herein, the allegations of paragraph 17 are denied.

18.

These defendants admit that Sean Rosenblatt was arrested for simple battery and transported by Defendant Conroy to the DeKalb County Jail.  Except as expressly admitted herein, the allegations of paragraph 18 are denied.

19.

These defendants admit that on November 2, 2007, Defendant Browen spoke with both Casey Rosenblatt and Liam Rosenblatt to ensure that they had not suffered any abuse or injury.  Defendant Browen asked both children if they had been struck or injured during the dispute and they replied they had not, but had been the subject of unknown abuse in the past.  Except as expressly admitted herein, the allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

13

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

25.

In response to paragraph 25, these defendants state that defendant Conroy confirmed with Sean Rosenblatt that the children had been hit during similar exchanges in the past.  Based upon such confirmation, the Georgia Department of Family and Children's Services (DFACS) was contacted.  A representative with DFACS advised that the children needed to be removed from the situation and transported to the DeKalb County Juvenile Intake facility.  The children were transported to the facility by defendant Browen based on the advice of DFACS. Except as expressly admitted herein, the allegations of paragraph 25 are denied.

26.

In response to paragraph 26, these defendants state that on November 6, 2007, defendant Gillis served plaintiff with an arrest warrant, based on the existence of probable cause, transported her to the county jail based on warrant

#07W20565 charging her with simple battery/harm.  Except as expressly admitted herein, the allegations of paragraph 26 are denied.

27.

The allegations of paragraph 27 are denied.

28.

In response to the allegations of paragraph 28, these defendants state that on November 6, 2007, defendant Gillis served plaintiff with an arrest warrant, the issuance of which was based on the existence of probable cause,  transported her to the county jail based warrant #07W20565 charging her with simple battery/harm.  Except as expressly admitted herein, the allegations of paragraph 28 are denied.

29.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29, and therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of paragraph 29 are denied.

30.

These defendants specifically deny that Defendant Conroy filed a false affidavit for issuance of a warrant for plaintiff's arrest.  These defendants are without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of paragraph 30, and therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of paragraph 30 are denied.

31.

These defendants deny that Defendant Conroy arrested plaintiff on or about November 6, 2007.  These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 31, and therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 31 are denied.

32.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32, and therefore, these defendants can neither admit nor deny the same.

33.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33, and therefore, these defendants can neither admit nor deny the same.

16

34.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34, and therefore, these defendants can neither admit nor deny the same.

35.

The allegations in paragraph 35 are denied.

36.

The allegations in paragraph 36 are denied.

37.

The allegations in paragraph 37 are denied.  In further response, these defendants specifically deny having subjected plaintiff to harassing questions, specifically deny having executed any false affidavits against plaintiff and specifically deny having wrongfully and falsely arrested plaintiff.  Except as expressly admitted herein, the allegations of paragraph 37 are denied

38.

In response to the allegations of paragraph 38, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or in connection with plaintiff's interpretation of the laws of the United States and the laws of the State of Georgia.  To the extent

that a response is required, the allegations, including those in all subparts, are

denied as pled.

## PRAYER FOR RELIEF

These defendants deny all allegations, including those in all subparts,

contained in the "Wherefore" paragraph of the complaint.

Wherefore, having fully answered, these defendants pray that plaintiff's

complaint against them be dismissed, that all costs cast against the plaintiff, that

they have a trial by a jury of twelve (12) on all triable issues, and that they have

such other and further relief as this Court deems just and proper in the

circumstances.

This 26th day of April, 2010.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Debra K. Haan
Georgia Bar No.: 316060
Attorneys for Defendants
Thomas Gillis, Jason Browen and
Paul Conroy

Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326
(404) 870-7376 (Gray)
(404) 870-6608 (Haan)
(404)870-7374
hgray@grsmb.com
dhaan@grsmb.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIA S. LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:10-cv-00252-CAP-ECS |
| CITY OF AVONDALE ESTATES, | ) | |
| AVONDALE POLICE | ) | |
| DEPARTMENT,  JASON | ) | |
| BROWEN, THOMAS GILLIS, | ) | |
| PAUL CONROY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing

ANSWER OF DEFENDANTS JASON BROWEN, PAUL CONROY AND

THOMAS GILLIS upon all counsel and pro se parties of record by electronically

filing as well as depositing same in the United States mail in a properly addressed

envelope with adequate postage thereon to:

Antonia S. Lopez, Pro Se
P.O. Box 782
Redan, Georgia 30074

20

This 26th day of April, 2010.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Debra K. Haan
Georgia Bar No.: 316060
Attorneys for Defendants
Thomas Gillis, Jason Browen and
Paul Conroy

Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326
(404) 870-7376 (Gray)
(404) 870-6608 (Haan)
(404) 870-7374 (fax)
hgray@grsmb.com
dhaan@grsmb.com

I:\604\191-Lopez v. Gillis, et al\RE-FILED CASE\Pleadings\Answer of Browen, Gillis and Conroy.doc