IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIA S. LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:10-cv-00252-CAP-ECS |
| CITY OF AVONDALE ESTATES, | ) | |
| AVONDALE POLICE | ) | |
| DEPARTMENT,  JASON | ) | |
| BROWEN, THOMAS GILLIS, | ) | |
| PAUL CONROY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' INITIAL AND EXPERT DISCLOSURES

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an Amended Summons and Complaint reflecting the information furnished in this disclosure response.**

**Disclosure**:

Avondale Police Department is a non-entity not capable of being sued.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If**

**defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**Disclosure**:  No such unnamed parties are known to these defendants at this time.

**(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by the defendant in the responsive pleading.**

**Disclosure**:

Defendants assert that there was both arguable and actual probable cause for the issuance of the arrest warrant for plaintiff under the circumstances presented.

Defendants Browen, Conroy and Gillis have pled the affirmative defense of qualified immunity with respect to the federal claims asserted against them and official function, discretionary immunity with regard to the claims asserted against them under the laws of the State of Georgia.

Defendants have pled the defense that plaintiff failed to provide timely ante litem notice of her state law claims.

Defendants have pled that the City of Avondale Estates and defendants Browen, Conroy and Gillis, in their official capacities, are entirely immune from claims for punitive damages under both state and federal law.

2

Defendants have pled the defense of sovereign immunity.

Defendants have pled hat there was both arguable and actual probable cause for the issuance of an arrest warrant for plaintiff under the circumstances presented.

Defendants have pled that there was both actual and arguable probable cause for plaintiff's arrest, incarceration and prosecution.

Defendants have pled plaintiff's damages and injuries, if any, were proximately caused by her own actions or the actions of other persons or entities for whom these defendants are not legally responsible.

Defendants have pled that plaintiff lacks standing to recover for the removal of her grandchildren from her home.

Defendants have pled that plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**Disclosure**:

42 USC §§ 1981, 1983, 1985;

O.C.G.A. § 36-33-5;

O.C.G.A. § 51-7-1;

O.C.G.A. § 51-7-40;

O.C.G.A. § 51-7-44;

*Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003);

*Rankin v. Evans*, 133 F. 3d 1425, 1435 (11th Cir. 1998);

*Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995);

*Dixon v. State*, 588 So.2d 903, 906 (Ala. 1991) (*citing United States v. Rollins*, 699

F.2d 530 (11th Cir.), *cert. denied*, 464 U.S. 933, 104 S.Ct. 335, 78 L.Ed.2d 305

(1983));

*Walker v. Briley*, 140 F.Supp.2d, 1249, 1262 ( N.D. Ala. 2001);

*Strickland v. City of Dothan, AL*, 399 F.Supp.2d 1275, 1295 (M.D. Ala. 2005);

*Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) (*quoting Von

Stein V. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990);

*Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991);

*Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997);

*Lassiter v. Alabama A & M University*, 28 F.3d 1146, 1149 (11th Cir. 1994),

*abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 153

L.Ed. 2d 666 (2002);

*Malley v. Briggs*, 475 U.S. 335, 341-43, 106 S.Ct. 1092, 89 L.Ed. 2d 271 (1986);

*Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998);

*Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996);

*Herren v. Bowyer*, 850 F.2d 1543, 1545 n.5 (11th Cir. 1988);

*Wood v. Kesler*, 323 F.3d 872, 882-83 (11th Cir. 2003);

*Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991), citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099 (1985);

*City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986);

*Gold v. City of Miami*, 151 F.3d 1346 (11th Cir. 1998);

*Board of County Comm'rs of Bryan County, Okl. v. Brown*, 52 U.S. 397, 117 S.Ct 1382 (1997);

*Grech v. Clayton County, Georgia*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc);

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-691, 98 S.Ct. 2018 (1978);

*Farred v. Hicks,* 915 F.2d 1530, 1532-33 (11th Cir. 1990);

*City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989);

*Nicholas v. Van*, 252 Ga. App. 411, 556 S.E.2d 497 (2001);

_City of Chamblee v. Maxwell_, 264 Ga. 635, 452 S.E.2d 488 (1994);

_Acker v. Jenkins_, 178 Ga. App. 393, 343 S.E.2d 160 (1986);

_Shoemaker v. Aldmor Management, Inc._, 249 Ga. 430, 291 S.E.2d 549 (1982);

_Franklin v. Consolidated Government of Columbus_, 236  Ga.App. 468, 512 S.E.2d 352 (1999);

_Anderson v. Cobb_, 258 Ga.App. 159, 573 S.E.2d 417 (2002);

_Outlaw v. Nasworthy_, 250 Ga.App. 362, 551 S.E.2d 785 (2001), citing _Todd v. Kelly_, 244 Ga.App. 404, 406, 535 S.E.2d 540 (2000);

_Reed v. DeKalb Co._, 264 Ga.App. 83, 589 S.E.2d 584 (2003);

_Merrow v. Hawkins_, 266 Ga. 390, 392(2), 467 S.E.2d 336 (1996);

_Tittle v. Corso_, 256 Ga.App. 859, 569 S.E.2d 873 (2002);

_Kaiser v. Tara Ford, Inc._ 248 Ga.App. 481, 486, 546 S.E.2d 861, 867 (2001);

_Sherill v. Stockel_, 252 Ga. App. 276, 567 S.E.2d 8 (2001);

_Fleming v. U-Haul of Georgia_, 246 Ga.App. 681, 683, 541 S.E.2d 75, 78 (2000);

_Conley v. Dawson_, 257 Ga.App. 665, 667, 572 S.E.2d 34, 36-37 (2002);

_Copeland v. Young_, 133 Ga.App. 54, 55, 209 S.E.2d 719, 720 (1974)

**(5)      Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment,**

6

identifying the subjects of the information.  (Attach witness list to Initial

Disclosures as Attachment A.)

**Disclosure**:  See Attachment A.

(6)     **Provide the name of any person who may be used at trial to**

**present evidence under Rules 702, 703 or 705 of the Federal Rules of**

**Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a**

**separate written report satisfying the provisions of that Rule.  (Attach expert**

**witness list and written reports to Initial Disclosures as Attachment B.)**

**Disclosure**:  No experts have been designated to date.

(7)     **Provide a copy of, or description by category and location of, all**

**documents, data compilations, and tangible things in your possession, custody,**

**or control that you may use to support your claims or defenses unless solely**

**for impeachment, identifying the subjects of the information.  (Attach**

**document list and descriptions to Initial Disclosures as Attachment C.)**

**Disclosure**:  See Attachment C.

(8)     **In the space provided below, provide a computation of any**

**category of damages claimed by you.  In addition, include a copy of, or**

**describe by category and the location of, the documents or other evidentiary**

**material, not privileged or protected from disclosure on which such**

computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Federal Rule Civil Procedure 34. (Attach any copies and descriptions to Initial Disclosure as Attachment D.)

<u>Disclosure</u>: Not applicable.

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

<u>Disclosure</u>: Not applicable.

(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Disclosure**:  A copy of applicable coverage agreement will be provided to

plaintiff upon receipt by defendants' attorney.

This 24th day of May, 2010.

                        *s/ Debra K. Haan*
                        Harvey S. Gray
                        State Bar No.: 305838
                        Debra K. Haan
                        State Bar No. 316060
                        Attorneys for Defendants

Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
950 E. Paces Ferry Rd., N.E.
Suite 1700
(404) 870-7376 (Gray)
(404) 870-6608 (Haan)
(404) 870-7374 fax
hgray@grsmb.com
dhaan@grsmb.com

## ATTACHMENT A
## DEFENDANTS' INITIAL AND EXPERT DISCLOSURES

1.    Antonia Lopez

The plaintiff has information regarding the incident leading up to the issuance of the warrant for her arrest, her arrest, imprisonment and prosecution.

2.    Sean Rosenblatt

Mr. Rosenblatt has information regarding the incident leading up to the issuance of the warrant for plaintiff's arrest.

3.    Casey Rosenblatt

Ms. Rosenblatt has information regarding the incident leading up to the issuance of the warrant for plaintiff's arrest.

4.    Liam Rosenblatt

Mr. Rosenblatt has information regarding the incident leading up to the issuance of the warrant for plaintiff's arrest.

5.    SSgt. Jason Browen
      City of Avondale Estates Police Department
      21 North Avondale Plaza
      Avondale Estates, Georgia 30002

SSgt. Browen is a defendant in this action and has information regarding the events leading up to and surrounding the issuance of the warrant for plaintiff's arrest.  He also has information regarding the policies and procedures followed by the City of Avondale Estates Police Department.

6.    Cpl. Paul Conroy
      City of Avondale Estates Police Department
      21 North Avondale Plaza
      Avondale Estates, Georgia 30002

10

Cpl. Conroy is a defendant in this action and has information regarding the events leading up to and surrounding the issuance of the warrant for plaintiff's arrest.  He also has information regarding the policies and procedures followed by the City of Avondale Estates Police Department.

7.    Cpl. Thomas Gillis
       City of Avondale Estates Police Department
       21 North Avondale Plaza
       Avondale Estates, Georgia 30002

Cpl. Gillis is a defendant in this action and has information regarding the warrant for plaintiff's arrest and the arrest of plaintiff.  He also has information regarding the policies and procedures followed by the City of Avondale Estates Police Department.

8.    M. Gardner
       Magistrate with DeKalb County
       Decatur, Georgia

Magistrate M. Gardner issued the warrant for plaintiff's arrest and has information regarding same.

**ATTACHMENT C**
**DEFENDANTS' INITIAL AND EXPERT DISCLOSURES**

1.     Copy of DeKalb County Jail Arrest Information Record for Antonia Soto Lopez, Report No. 07-150024 – 1 page;

2.     Copy of Criminal Arrest Warrant for Antonia Soto Lopez, Warrant #07W20565, Case No. 07-150024 – 1 page;

3.     Copy of Criminal Arrest Warrant for Sean Rosenblatt, Warrant #07W20564, Case No. 07-150024 – 1 page;

4.     Copy of Avondale Estates Police Department Report Narrative, Date: 11/3/07, Case Number 07-150024, Report Title:  Initial Report by Cpl. P. Conroy – 3 pages;

5.     Copy of Avondale Estates Police Department Report Narrative, Date: 11/2/07, Case Number 07-150024, Report Title:  Supplemental Information by SSgt. J. Browen  – 2 pages;

6.     Copy of Avondale Estates Police Department Report Narrative, Date: 11/6/07, Case Number 07-150024, Report Title:  Suspect Arrest by Cpl. T. Gillis  – 1 page;

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIA S. LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:10-cv-00252-CAP-ECS |
| CITY OF AVONDALE ESTATES, | ) | |
| AVONDALE POLICE | ) | |
| DEPARTMENT,  JASON | ) | |
| BROWEN, THOMAS GILLIS, | ) | |
| PAUL CONROY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing

DEFENDANTS' INITIAL AND EXPERT DISCLOSURES upon all counsel and

pro se parties of record by electronically filing as well as depositing same in the

United States mail in a properly addressed envelope with adequate postage thereon

to:

Antonia S. Lopez, Pro Se
P.O. Box 782
Redan, Georgia 30074

13

This 24th day of May, 2010.

/s/Debra K. Haan
Harvey S. Gray
Georgia Bar No.: 305838
Debra K. Haan
Georgia Bar No.: 316060
Attorneys for Defendants
Thomas Gillis, Jason Browen and
Paul Conroy

Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326
(404) 870-7376 (Gray)
(404) 870-6608 (Haan)
(404) 870-7374 (fax)
hgray@grsmb.com
dhaan@grsmb.com

I:\604\191-Lopez v. Gillis, et al\RE-FILED CASE\Pleadings\defendants initial disclosures.doc